J-S17005-20

J-S17006-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT RODRIGUEZ | : | |
| | : | |
| Appellant | : | No. 1450 MDA 2019 |

Appeal from the Judgment of Sentence Entered July 11, 2019
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0001350-2018

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT RODRIGUEZ | : | |
| | : | |
| Appellant | : | No. 1456 MDA 2019 |

Appeal from the Judgment of Sentence Entered July 11, 2019
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0001281-2018

BEFORE:  PANELLA, P.J., STABILE, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY PANELLA, P.J.:                    **FILED MAY 05, 2020**

In these appeals,[1] Robert Rodriguez challenges the judgment of

sentence entered in the Luzerne County Court of Common Pleas. He disputes

_____

[1]  With the exception of a short addition in 1456 MDA 2019 regarding the procedural history of that appeal, the **Anders** briefs in the two appeals are identical. Since the issues in both appeals concern the fact that the sentences

the discretionary aspects of his sentence, arguing that the sentencing court erred in imposing consecutive sentences and failed to consider his remorse as a mitigating factor at sentencing. Counsel has filed a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967) and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009), and a motion to withdraw. We affirm and therefore grant counsel's petition to withdraw.

Rodriguez hired Lamont Garcia to tattoo his wrist. Dissatisfied with the tattoo, Rodriguez shot Garcia and fled the location. Garcia survived the shooting with nonfatal injuries.

Shortly thereafter, Rodriguez and a co-conspirator, Isaiah Jennings, went to the home of Rodriguez's former co-worker, Trevor Oliver. For reasons unknown or unclear, Rodriguez and Jennings shot Oliver and his girlfriend, Ingrid Batista. Oliver died a few days after the shooting. Batista suffered nonfatal injuries.

Rodriguez was arrested and charged with the two unrelated shootings. Pursuant to a plea agreement at docket number CP-40-CR-0001281-2018, Rodriguez pled guilty to one count of aggravated assault.[2] Under the same agreement, Rodriguez pled guilty at docket number CP-40-CR-0001350-2018 to one count of third-degree murder and one count of criminal conspiracy to

_____

at the two dockets were run consecutively, we have consolidated the appeals _sua sponte_.

[2] **See** 18 Pa. C.S.A. § 2702 (a)(4).

commit aggravated assault.[3] The trial court sentenced Rodriguez to 23 to 52 years' imprisonment at docket 1350 and 21 months to 6 years' imprisonment at docket 1281. Each sentence was ordered to be served consecutively.

After sentencing, Rodriguez filed timely post-sentence motions, which the trial court denied. Rodriguez then filed timely notices of appeal.[4] Thereafter, counsel for Rodriguez filed an **Anders** brief. This appeal is now properly before us.

Counsel has identified two issues of potential merit: (1) the sentencing court abused its discretion in imposing consecutive sentences, and (2) the court failed to consider Rodriguez's acceptance of responsibility for his crimes at sentencing. **See Anders** Brief, at 1.

Before addressing the merits of this issue, we must first turn to counsel's petition to withdraw to determine whether counsel has complied with the procedures set forth in **Anders**. **See Commonwealth v. Bennett**, 124 A.3d 327, 330 (Pa. Super.2015).

> Direct appeal counsel seeking to withdraw under **Anders** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an **Anders** brief setting forth issues that might

---

[3] **See** 18 Pa.C.S.A. 2502 § (c); § 903 (a)(1); § 2702 (a)(1).

[4] We note that Rodriguez filed two separate notices of appeal in compliance with our Supreme Court's directive in **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018) (requiring separate notices of appeal from an order resolving issues arising on more than one docket).

arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof….
*Anders* counsel must also provide a copy of the *Anders* petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.

*Commonwealth v. Tukhi*, 149 A.3d 881, 885-886 (Pa. Super. 2016) (citation omitted).

The *Anders* brief is subject to particular requirements. Our Supreme Court dictates that the brief must: provide a summary of the procedural history and facts of the case, complete with citations to the record; refer to any information in the record that counsel believes could arguably support the appeal; present counsel's conclusion that the appeal is frivolous; and state counsel's reasons for so concluding. *See Santiago*, 978 A.2d at 354. "Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous." *Commonwealth v. Hankerson*, 118 A.3d 415, 420 (Pa. Super. 2015) (citation omitted).

If this Court determines that counsel's petition and brief satisfy the requirements of *Anders*, we will undertake an independent review of the appeal to ascertain whether it is wholly frivolous. *See Tukhi*, 149 A.3d at 886. If it is found to be frivolous, we will grant counsel's petition to withdraw, and affirm the judgment of sentence. *See id*.

Here, counsel has satisfied the procedural requirements discussed above. Counsel's brief complies with *Anders*/*Santiago* obligations. Counsel's petition certifies that he conducted a conscientious examination of the record,

he was unable to discover any meritorious issues to raise on appeal, and he has concluded the appeal is wholly frivolous. Counsel also sent a letter to Rodriguez in which he advised Rodriguez that he may proceed with this appeal *pro se* or retain private counsel to raise any additional issues he believes should be brought to this Court's attention. Finally, the letter states that counsel enclosed a copy of the petition to withdraw and his ***Anders*** brief. Rodriguez has not filed a reply. As we deem counsel compliant, we will now undertake our own review to determine whether this appeal is indeed wholly frivolous.

In his first issue, Rodriguez challenges the discretionary aspects of his sentence, claiming the sentencing court abused its discretion in imposing consecutive sentences rather than concurrent sentences. ***See*** Anders's Brief, at 6.

Our standard of review for a challenge to the discretionary aspects of sentencing is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Hoch***, 936 A.2d 515, 517-518 (Pa. Super. 2007) (citation omitted).

"Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." **Commonwealth v. Griffin**, 65 A.3d 932, 935 (Pa. Super. 2013) (citation omitted). Before reaching the merits of a discretionary aspects issue, this Court conducts a four-part test to determine:

> (1) whether the appeal is timely; (2) whether Appellant preserved his or her issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the Sentencing Code.

**Commonwealth v. Williams**, 198 A.3d 1181, 1186 (Pa. Super. 2018) (citation omitted).

Here, Rodriguez filed a timely notice of appeal and preserved his issues in a timely post-sentence motion. Rodriguez also included a Pa.R.A.P. 2119(f) statement in his brief. Therefore, we must determine whether Rodriguez's first contention raises a substantial question.

A substantial question exists "when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." **Commonwealth v. Phillips**, 946 A.2d 103, 112 (Pa. Super. 2008) (citation omitted). In determining whether a substantial question exists, "[o]ur inquiry must focus on the reasons for which the appeal is sought in contrast to the facts underlying the appeal, which are necessary only to decide the appeal on the merits." **Commonwealth v. Provenzano**, 50 A.3d 148, 154 (Pa. Super.

2012). Additionally, we cannot look beyond the statement of questions presented and the 2119(f) statement to ascertain whether a substantial question exists. *See id*.

Generally, we have stated that a challenge to the imposition of consecutive rather than concurrent sentences does not present a substantial question. *See Commonwealth v. Lloyd*, 878 A.2d 867, 873 (Pa. Super. 2005). However, we have recognized that a sentence can be so excessive that it may create a substantial question. *See Commonwealth v. Moury*, 992 A.2d 162, 171-172 (Pa. Super. 2010). In determining whether a substantial question has been raised, our focus is on "whether the decision to sentence consecutively raises the aggregate sentence to, what appears upon its face to be, an excessive level in light of the criminal conduct in this case." *Commonwealth v. Mastromarino*, 2 A.3d 581, 585-586 (Pa. Super. 2010) (citation omitted).

Rodriguez pleaded guilty to one count of aggravated assault, one count of third-degree murder, and one count of criminal conspiracy to commit aggravated assault. The trial court imposed an aggregate sentence of 24 years to 58 years' imprisonment. Although a 24-year minimum sentence may appear harsh on the surface, it is not manifestly excessive in light of the crimes Rodriguez committed. As such, Rodriguez's first challenge does not raise a substantial question. *See Commonwealth v. Gonzalez-Dejusus*, 994 A.2d 595, 599 (Pa. Super. 2010).

Rodriguez's remaining issue addresses the sentencing court's failure to consider mitigating factors in sentencing. Specifically, he asserts that the sentencing court erred in failing to take account of his acceptance of responsibility. *See* Ander's Brief, at 8.

"[T]his Court has held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." *Commonwealth v. Disalvo*, 70 A.3d 900, 903 (Pa. Super. 2013). Therefore, Rodriguez's argument that the sentencing court failed to adequately consider his remorse as a mitigating factor does not raise a substantial question. *See Commonwealth v. Downing*, 990 A.2d 788, 794 (Pa. Super. 2010).

Rodriguez has not raised a substantial question and we cannot reach the merits of his issues on appeal. Further, our independent review of the record reveals no other meritorious issues. As a result, we grant counsel permission to withdraw and affirm the judgment of sentence.

Judgments of sentence affirmed. Petition to withdraw as counsel granted.

President Judge Emeritus Ford Elliott joins the memorandum.

Judge Stabile concurs in the result.

J-S17005-20
J-S17006-20


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 05/05/2020